UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Case No: 26-mj-56(DLM)

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CHRISTINA RANK, | ) |
| | ) |
| Defendant. | ) |

## MOTION FOR BILL OF PARTICULARS

Defendant, by counsel Bruce D. Nestor of De León & Nestor, states as follows:

1. This Motion is filed pursuant to the Court's text order of May 7, 2026, granting defendant permission to file "a submission to clarify the scope of her motions" no later than May 14, 2026.

2. Christina Rank was charged by Criminal Complaint in this matter on January 23, 2026. (ECF#1).

3. The Complaint alleged that Ms. Rank "did forcibly oppose, impede, or interfere" with a federal agent, in violation of 18 USC §111(a). The statutory language of "assault" was not included in the charging language of the Complaint.

4. On February 4, 2026, the Government charged Ms. Rank by the filing of an Information, alleging that Ms. Rank "did forcibly assault, resist, oppose,

impede, intimidate, and interfere" with a federal agent in violation of 18 USC §111(a)(1). Thus, the Information added the additional allegations that Ms. Rank did "assault," "resist," and "intimidate" a federal agent(s) in violation of §111(a)(1)

5. By the filing of the Information, the Government essentially superseded the Complaint filed on January 23, 2026, such that the Information did not necessarily rely upon or incorporate the factual allegations in the Complaint. The Information, in fact, did not contain any factual allegations and relied instead solely on the statutory language of §111(a)(1).

6. At the pre-trial motion hearing held on May 7, 2026, Special Assistant United States Attorney William L. Richards III, in response to an inquiry from the Court, clarified that the Information did in fact incorporate and rely upon the factual allegations in the Complaint. Accordingly, Ms. Rank now brings this Motion for Bill of Particulars, pursuant to Fed.R.Crim.P. 7(f).

7. Based upon the above procedures, it now appears that the Government may be charging Ms. Rank with two separate offenses in a one-count Information: (a) a charge that she "did forcibly oppose, impede or interfere" with a federal agent as charged in the Complaint; and, (b) a charge that she "did forcibly assault, resist or intimidate" a federal agent as charged by the additional statutory language set forth in the Information but not included in the statutory language included in the Complaint.

2

8. Charging two offenses in a single count of an Information would be a basis for a motion to dismiss under Rule 12(b)(3)(B)(i) for duplicity. Requiring the Government to file Bill of Particulars would allow Ms. Rank and the Court to determine if the Information is duplicitous.

9. The Government should be required to file a Bill of Particulars, detailing the charge(s) it is bringing against Ms. Rank, the statutory language under which the Government is charging Ms. Rank, and a summary of the factual basis for any charge(s) brought against Ms. Rank.

10. Absent a Bill of Particulars, Ms. Rank is unable to determine if she is charged with a single offense by the Information, or one or more offenses. Ms. Rank is also unable to prepare a defense when the Information only alleges that she did "forcibly assault, resist, oppose, impede, intimidate, and interfere" with a federal agent and without further clarification under which statutory alternative she is charged.

WHEREFORE, Christina Ranks requests that in light of the differences between the charging language in the Complaint and the Information, and the Government's statement that the Complaint serves as a basis for the Information, that the Government be required to file a Bill of Particulars as requested above.

3

Dated:  <u>May 14, 2026</u>          <u>        S/BRUCE D. NESTOR        </u>
Bruce D. Nestor, 0318024 – MN
DE LEÓN & NESTOR, LLC
3547 Cedar Avenue South
Minneapolis, MN  55407
(612) 659-9019
(612) 436-3664 – Facsimile
nestor@denestlaw.com

4